UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
ROLINDA WALLS, N.B. and A.B.,                    :
                                                 :
                           Plaintiffs,           :
                                                 :            **ORDER**
                -against-                         :      19 Civ. 337 (RPK) (VMS)
                                                 :
THE CITY OF NEW YORK, SERGEANT                   :
DAVID GRIECO, POLICE OFFICER                     :
MICHAEL WALLACE, POLICE OFFICER                  :
VINCENT GAMBINO, POLICE OFFICER                  :
JASON GAMMELLO, POLICE OFFICER                   :
FRANK RYAN, POLICE OFFICER KASEY                 :
WALLACE, POLICE OFFICER ELIOT                    :
BELILOS and POLICE OFFICERS JOHN AND             :
JANE DOE #1-20,                                  :
                                                 :
                           Defendants.           :
----------------------------------------------------------- x

**Vera M. Scanlon, United States Magistrate Judge:**

 Plaintiff Rolinda Walls, individually and as mother and natural guardian of minor

Plaintiffs N.B. and A.B. ("Plaintiffs"), brings this action against Defendants Sergeant David

Grieco, Police Officer Michael Wallace, Police Officer Vincent Gambino, Police Officer Jason

Gammello, Police Officer Frank Ryan, Police Officer Kasey Wallace, Police Officer Eliot

Belilos and Police Officers John and Jane Doe #1-20 ("Defendant Officers") pursuant to 42

U.S.C. § 1983 alleging direct and failure-to-intervene violations of their rights to be free from

false arrest, malicious prosecution and fabrication of evidence under the United States

Constitution and related supplemental state causes of action.  See Second Amended Complaint

("SAC"), ECF No. 25.  Plaintiffs also bring supplemental causes of actions under New York law

against Defendant City of New York for negligent hiring, retention, training and supervision of

its officers.  See id.  Before the Court is Defendants' motion for an Order directing Plaintiffs to

file a Defendant Officer's misconduct summary exhibit to a discovery motion, see ECF No. 51,

under seal pursuant to a Confidentiality and Protective Order previously entered by the Court.

See ECF No. 53.  Plaintiff opposes and cross moves for an Order stating that the exhibit may be

publicly filed.  See ECF No. 55.  Defendants oppose.  See ECF No. 57.  For the reasons that

follow, the Court denies Defendants' motion, see ECF No. 53, and grants Plaintiffs' motion, see

ECF No. 55.

      The Court assumes the parties' general familiarity with all prior proceedings and will

only summarize facts pertinent to its analysis of the instant motions.  In January 2020, the Court

so ordered the Parties' joint stipulation of confidentiality and protective order (hereinafter

"Confidentiality Order").  See ECF No. 29.  At the time, the Court so-ordered the Confidentiality

Order in part based upon a statute then in force—New York Civil Rights Law Section 50-a—

which provided that police officer personnel records would be considered confidential.  See N.Y.

Civ. Rights L. Section 50-a, repealed by L. 2020, c. 96, Section 1, eff. June 12, 2020.  In relevant

part, the Confidentiality Order defines the term "Confidential Materials" in discovery to include

the Defendant Officers' personnel records generally which is specifically noted to include

"[d]isciplinary information . . . including Civilian Complaint Review Board ["CCRB"] history,

NYPD Internal Affairs Bureau ["IAB"] Resume, and . . . Central Personnel Index[.]"  Id. ¶ 2(A)-

(B).  The Confidentiality Order further provided that such discovery "shall not be deemed

'Confidential Materials' to the extent . . . that they are . . . otherwise publicly available."  Id. ¶ 3.

The Confidentiality Order also stated that in the event discovery deemed "Confidential

Materials" is to be filed in this Court, "the parties may request of the Court that those portions of

the papers shall be filed under seal," see id. ¶ 13, and allowed disputes over disputed

"Confidential Materials" designations to be resolved by the Court, see id. ¶ 9.

Effective June 12, 2020, Section 50-a was repealed.  See N.Y. Civ. Rights L. Section 50-a, repealed by L. 2020, c. 96, Section 1, eff. June 12, 2020.  Plaintiffs filed an opposed motion to compel for an Order directing Defendants to produce Defendant Officers' unredacted personnel records in the form of misconduct summaries, see ECF Nos. 34, 37, 44.  In an Order dated November 24, 2020, the Court granted Plaintiffs' motion upon finding that Defendants had not shown any basis to redact the requested misconduct summaries in light of Section 50-a's repeal or on the grounds of any other argued privilege.  See ECF No. 48; Walls v. City of New York, -- F. Supp. 2d --, No. 19 Civ. 337 (RPK) (VMS), 2020 WL 6899996 (E.D.N.Y. Nov. 24, 2020). Defendants did not seek reconsideration or appeal the Court's Order dated November 24, 2020, and it is the law of the case.

Plaintiffs later filed another motion to compel Defendants to produce misconduct investigation discovery pertaining to one of the Defendant Officers, and that Defendant Officer's misconduct summaries that Defendants produced in response to the Order dated November 24, 2020, was an exhibit to Plaintiffs' motion (hereinafter the "Exhibit").  See ECF No. 52.  At the same time that Plaintiffs file the motion to compel, they also requested that the Court seal the Exhibit.  See id.  Although Plaintiffs abstained from filing the Exhibit publicly and made their motion to seal because Defendants had indicated to Plaintiffs their belief that the Confidentiality Order required such handling, Plaintiffs represented to the Court that they disagreed with Defendants' position.  See id. n.2.  Defendants filed their own motion asking that the Court allow the Exhibit to be filed under seal.  See ECF No. 53.  In related proceedings held by the Court, it granted Plaintiffs' motion for the discovery and ordered the parties to supplement the record with respect to the dispute about the Confidentiality Order's scope and whether the Exhibit should be filed under seal.  See Dkt. Entry 2/11/2021; Dkt. Entry 3/22/2021.  Plaintiffs thereafter filed their

3

opposition to Defendants' motion to seal the Exhibit with a cross motion for an Order stating that the Confidentiality Order permits the Exhibit to be publicly filed.  See ECF No. 55.  Defendants oppose.  See ECF No. 57.

Defendants argue that there is a presumption of public access to the Exhibit in the absence of a showing that that presumption is outweighed by the "privacy interests of those resisting disclosure."  ECF No. 53 (quoting Lugosch v. Pyramid Co. of Onandaga, 435 F.3d 110, 120 (2d Cir. 2006)).  Defendants invoke the Confidentiality Order as establishing the privacy interests to argue that the Defendant Officer's privacy interests outweigh the presumption of public access to the Exhibit.  See ECF No. 53.  Yet, Lugosch noted that it is not reasonable to rely upon a confidentiality order as a guarantee for secrecy where it "specifically contemplates that relief from the provisions of the order may be sought at any time," Lugosch, 435 F.3d at 126, and Plaintiffs here make their instant cross motion pursuant to the Confidentiality Order's provisions allowing for such relief, see ECF No. 29 ¶¶ 3, 9; ECF No. 55.  In that cross motion, Plaintiffs argue that due to events occurring since the Confidentiality Order's entry—including Section 50-a's repeal and a recent Second Circuit decision upholding the denial of an injunction sought by various law enforcement officer unions to prevent the disclosure of officer misconduct records in response to Freedom of Information Law ("FOIL") requests—the Exhibit should not be deemed "Confidential Materials" under the Confidentiality Order.  See ECF No. 29 ¶¶ 3, 9; ECF No. 55 (citing Unif. Fire Officers Ass'n v. DiBlasio, -- F. App'x --, 2021 WL 561505 (2d Cir. Feb. 16, 2021)).  Plaintiffs further note that, as a result of such FOIL disclosures to date, a great deal of the Defendant Officer's misconduct information contained in the Exhibit has already been made publicly available on the internet.  See ECF No. 55 at 2.

The Court finds that the Exhibit is not properly deemed "Confidential Materials" under the Confidentiality Order such that it should not be filed under seal.  First, the so-ordered stipulation was agreed to by the parties but now, Plaintiffs have withdrawn their agreement based on the change in law and circumstances.  Second, Plaintiffs' submission shows the information contained therein to be "otherwise publicly available."  See ECF No. 29 ¶ 3; ECF No. 55 at 2.  In this respect, the Court further notes that in addition to the New York Civil Liberties Union Web site cited by Plaintiff, it has itself been able to easily and quickly find much more detailed misconduct information about the Defendant Officer than the Exhibit's mere summaries on still other Web sites including government, non-profit organization and news platforms.  See, e.g., CCRB Web site at: https://www1.nyc.gov/site/ccrb/policy/MOS-records.page (last accessed Apr. 30, 2021); Pro Publica Web site at: https://www.propublica.org/ series/the-nypd-files (same); 50-a Web site at: https://www.50-a.org (same); NYCLU Web site at: https://www.nyclu.org/en/ campaigns/nypd-misconduct-database (same).

Third, Defendants ask the Court to consider the hypothetical that courts might still find certain FOIL exemptions to preclude disclosure of certain information in the Exhibit.  See ECF No. 57 at 2.  As Defendants do not identify what information in the Exhibit might meet the hypothetical or make any specific argument about that unidentified information, Defendants as the resisting party have not shown a privacy interest that the Court can weigh against the presumption of public access to the Exhibit for the purposes of their motion.  See Lugosch, 435 F.3d at 126 ("[T]he presumption of access here can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing.").  Insofar as the Court entered the Confidentiality Order at a time when Section 50-a contributed to good cause for so-ordering the provisions at issue on the instant motions and Section 50-a has since been repealed,

these changed circumstances further justify the Court revisiting the order and reweighing the

considerations.  See Fed. R. Civ. P. 26(c).  As the records in dispute relate to Defendant Officer's

performance of the officer's job which is under scrutiny, it is reasonable to allow Plaintiffs and

the public to have access to the information that was the basis for the Court determining that

additional employment records had to be produced.

For the foregoing reasons, the Court denies Defendants' motion for an Order sealing the

Exhibit, see ECF No. 53, and grants Plaintiffs' cross motion for an Order directing that the

Exhibit be publicly filed, see ECF No. 55.  For ease of reference and review of the docket,

Defendants are to file the Exhibit at ECF No. 53-1 on the docket by May 14, 2021.

Dated:  Brooklyn, New York
        May 6, 2021

*Vera M. Scanlon*
        VERA M. SCANLON
        United States Magistrate Judge