UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ROLINDA WALLS, Individually and as Mother and Natural Guardian of A.B., an infant under the age of eighteen years, and NAKKIA BALLINGER, as Mother and Natural Guardian of N.G., an infant under the age of eighteen years,

              Plaintiffs,

   -against-

THE CITY OF NEW YORK, SGT. DAVID GRIECO, P.O. MICHAEL WALLACE, P.O. JASON GAMMELLO, P.O. FRANK RYAN, P.O. CHRISTOPHER DESIMONE, P.O. KASEY WALLACE, and P.O. ELIOT BELILOS, individually and in their official capacities,

              Defendants.

-------------------------------------------------------------------X

**THIRD AMENDED COMPLAINT**

19 CV 0337 (RPK)(VMS)

**JURY TRIAL DEMANDED**

Plaintiffs ROLINDA WALLS, individually and as mother and natural guardian of A.B., and NAKKIA BALLINGER, as mother and natural guardian of N.G., by their attorney, ROSE M. WEBER, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.  Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.  Plaintiffs also assert supplemental state law tort claims.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff ROLINDA WALLS is an African-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. A.B. is an African-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

8. A.B. is plaintiff ROLINDA WALLS's daughter and on the date of incident was fourteen years old.

9. N.G. is an African-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

10. N.G. is plaintiff NAKKIA BALLINGER's daughter and plaintiff ROLINDA WALLS's granddaughter, and on the date of incident was ten years old.

11. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State

Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

13. That at all times hereinafter mentioned, the individually named defendants SGT. DAVID GRIECO, P.O. MICHAEL WALLACE, P.O. JASON GAMMELLO, P.O. FRANK RYAN, P.O. CHRISTOPHER DESIMONE, P.O. KASEY WALLACE, and P.O. ELIOT BELILOS were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

14. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

15. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

16. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

**INCIDENT FACTS**

17. On October 21, 2017, at approximately 11:30 p.m., ROLINDA WALLS and N.G. were lawfully present and asleep in Ms. Walls's apartment, the premises known as 433 Dumont Avenue, Apartment 2F, in the County of Kings, in the City and State of New York.

18. At aforesaid time and place, defendant police officers pounded on the door of the apartment and demanded to be let in.

19. Defendant police officers then aggressively entered the apartment, terrorizing ROLINDA WALLS and N.G., and confining them therein.

20. Defendant police officers stated that they were looking for ROLINDA WALLS's adult daughter, who was not present.

21. Soon thereafter, A.B. entered the apartment and was also confined therein.

22. Defendant police officers searched the apartment without consent or probable cause to do so.

23. Defendant police officers remained in the apartment for approximately sixteen hours, until approximately 3:30 p.m. the following day.

24. Before leaving the apartment, defendant police officers gave ROLINDA WALLS a summons for possession of marijuana, despite defendants' knowledge that they lacked probable cause to do so.

25. When ROLINDA WALLS appeared in court on January 5, 2018, she was advised that all charges against her had been dismissed because defendant police officers failed to file a legally acceptable accusatory instrument

26. As a result of the foregoing, ROLINDA WALLS, A.B., and N.G. sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, and deprivation of their constitutional rights.

## MONELL FACTS

27. Both before and after this incident, NYPD had a policy, custom, pattern, and/or practice of failing to supervise and discipline officers accused of egregious misconduct.

28. For instance, defendant DAVID GRIECO has been sued more than three dozen times (making him the second most-sued NYPD officer, according to Gothamist), costing the

city $394,000, and has had at least 31 separate CCRB complaints made against him. Nonetheless, defendant Grieco has received virtually no discipline and, in fact, he has been promoted twice.

29. Det. Abdiel Anderson has been sued at least 40 times (costing the city $495,000), making him the most-sued NYPD officer according to Gothamist. Nonetheless, Det. Anderson has received virtually no discipline and, in fact, he has been promoted.

30. Det. Waliur Rahman has been sued at least 32 times, costing the city $1,650,000, and has had at least 18 separate CCRB complaints made against him. Nonetheless, Det. Rahman has received virtually no discipline and, in fact, he has been promoted three times.

31. Det. Alberto Pizarro has been sued at least 24 times, costing the city $779,000, and has had at least 19 separate CCRB complaints made against him. Nonetheless, Det. Pizarro has received virtually no discipline and, in fact, he has been promoted.

32. Det. David Terrell has been sued at least 25 times, costing the city $853,000, and has had at least 33 separate CCRB complaints made against him. Nonetheless, Det. Terrell has received virtually no discipline and, in fact, he has been promoted.

33. Det. Mathew Reich has been sued at least 21 times, costing the city $744,000, and has had at least 27 separate CCRB complaints made against him. Nonetheless, Det. Reich has received virtually no discipline and, in fact, he has been promoted.

34. Det. Christopher Schilling has been sued at least 23 times, costing the city $472,000, and has had at least 15 separate CCRB complaints made against him. Nonetheless, Det. Schilling has received virtually no discipline and, in fact, he has been promoted.

35. Sgt. Juan Moreno's perjury at a criminal trial resulted in an acquittal and a $4,000,000 settlement of the resulting civil suit. Moreno is on the list maintained by the Kings

County District Attorney's Office of officers who are so untrustworthy that they are not allowed to testify at trial. Nonetheless, Moreno was not disciplined and, in fact, he was thereafter promoted to lieutenant.

36. Over the course of his NYPD career, Gary Messina has had at least 38 separate CCRB complaints made against him. Nonetheless, Messina has received virtually no discipline and, in fact, he has been promoted repeatly, most recently to the rank of Deputy Inspector.

37. As a direct result of this policy, custom, pattern, and/or practice, defendants in the instant matter, and particularly defendant DAVID GRIECO, felt free to violate plaintiffs' civil rights, knowing that there would be no repercussions.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

38. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "37" with the same force and effect as if fully set forth herein.

39. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

40. All of the aforementioned acts deprived ROLINDA WALLS, A.B., and N.G. of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

43. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

44. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. As a result of the aforesaid conduct by defendants, ROLINDA WALLS, A.B., and N.G. were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

46. As a result of the foregoing, the liberty of ROLINDA WALLS, A.B., and N.G. was restricted, they were put in fear for their safety, and they were humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL SEARCH AND INVASION OF PRIVACY UNDER 42 U.S.C. § 1983

47. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. As a result of the aforesaid conduct by defendants, plaintiffs' home and possessions were illegally and improperly searched without any probable cause, privilege or consent.

49. As a result of the aforesaid conduct by defendants, defendants remained unlawfully within plaintiffs' home without any probable cause, privilege or consent.

## FOURTH CLAIM FOR RELIEF
## UNREASONABLE SEIZURE UNDER 42 U.S.C. § 1983

50. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Plaintiffs had a possessory interest in their home.

52. As a result of the aforesaid conduct by defendants, plaintiffs' home was unreasonably seized, and defendants interfered with plaintiffs' possessory interest in the property.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

53. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants caused legal process to be issued to enter 433 Dumont Avenue, Apartment 2F, Brooklyn, New York, and to search the premises.

55. Defendants entered 433 Dumont Avenue, Apartment 2F, Brooklyn, New York, searched the premises, and issued a summons to ROLINDA WALLS in order to obtain a collateral objective outside the legitimate ends of the legal process.

56. Defendants acted with intent to do harm to ROLINDA WALLS, A.B., and N.G., without excuse or justification.

## SIXTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

57. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendants misrepresented and falsified evidence before the District Attorney.

59. Defendants did not make a complete and full statement of facts to the District Attorney.

60. Defendants withheld exculpatory evidence from the District Attorney.

61. Defendants were directly and actively involved in the initiation of criminal proceedings against ROLINDA WALLS.

62. Defendants lacked probable cause to initiate criminal proceedings against ROLINDA WALLS.

63. Defendants acted with malice in initiating criminal proceedings against ROLINDA WALLS.

64. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

65. Notwithstanding the perjurious and fraudulent conduct of defendants, all charges against ROLINDA WALLS were dismissed on or about January 5, 2018.

## SEVENTH CLAIM FOR RELIEF
## DENIAL OF DUE PROCESS VIA FABRICATION OF EVIDENCE
## UNDER 42 U.S.C. § 1983

66. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendants created false evidence against ROLINDA WALLS.

68. Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's Office.

69. Defendants misled juries, judges, and/or prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

70. In creating and forwarding false information to prosecutors, defendants deprived ROLINDA WALLS of due process and violated her constitutional right to a fair trial under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

### EIGHTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE

71. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Each and every individual defendant had an affirmative duty to intervene on behalf of ROLINDA WALLS, A.B., and N.G. to prevent the violation of their constitutional rights.

73. The individual defendants failed to intervene on behalf of ROLINDA WALLS, A.B., and N.G. to prevent the violation of their constitutional rights despite having had a realistic opportunity to do so.

74. As a result of the aforementioned conduct of the individual defendants, the constitutional rights of ROLINDA WALLS, A.B., and N.G. were violated and they were subjected to all of the constitutional deprivations described herein.

### NINTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

75. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Defendant THE CITY OF NEW YORK, by and through its policymakers, created and maintained a custom, policy, pattern, and/or practice of failing to adequately supervise and discipline NYPD officers accused of egregious misconduct, including the named defendants in this case, leading officers to believe that they could engage in misconduct with impunity.

77. Defendant THE CITY OF NEW YORK had actual or constructive notice that its failure to supervise and discipline NYPD officers led to additional misconduct. This is apparent in the disciplinary histories of numerous officers who had dozens of complaints and lawsuits against them yet rarely if ever were disciplined. Despite being on notice, defendant chose not to provide such supervision and discipline.

78. Defendant THE CITY OF NEW YORK's failure to supervise and discipline amounted to gross negligence, deliberate indifference, and/or intentional misconduct, and encouraged and/or permitted the named individual defendants to engage in the conduct that proximately and directly caused plaintiffs' injuries and damages set forth above.

79. The acts complained of deprived ROLINDA WALLS, A.B., and N.G. of their rights:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from unlawful search and invasion of privacy;

   D. To be free from unreasonable seizure of their home;

   E. To be free from malicious abuse of process;

   F. To be free from unwarranted and malicious criminal prosecution;

   G. Not to be deprived of a fair trial and judicial due process;

   H. Not to have summary punishment imposed upon them; and

   I. To receive equal protection under the law.

80. As a result of the foregoing, plaintiff ROLINDA WALLS is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of five million dollars

($5,000,000.00), and A.B. and N.G. are each entitled to compensatory damages in the sum of two-and-one-half million dollars ($2,500,000.00) and are further entitled to punitive damages against the individual defendants in the sum of two-and-one-half million dollars ($2,500,000.00).

## **PENDANT STATE CLAIMS**

81. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. On or about December 26, 2017, and within ninety (90) days after the claims herein accrued, plaintiffs duly served upon, presented to and filed with THE CITY OF NEW YORK, Notices of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

83. THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claims as aforesaid.

84. THE CITY OF NEW YORK waived its right to hold hearings pursuant to General Municipal Law § 50-h.

85. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

86. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

87. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### <u>FALSE ARREST</u>

88. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Defendant police officers detained, arrested, and held in custody ROLINDA WALLS, A.B., and N.G. in the absence of probable cause and without a warrant.

90. As a result of the aforesaid conduct by defendants, ROLINDA WALLS, A.B., and N.G. were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined by the defendants.

91. The aforesaid actions by the defendants constituted a deprivation of the rights of ROLINDA WALLS, A.B., and N.G.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### <u>FALSE IMPRISONMENT</u>

92. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. As a result of the foregoing, ROLINDA WALLS, A.B., and N.G. were falsely imprisoned, their liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and terrorized.

94. ROLINDA WALLS, A.B., and N.G. were conscious of said confinement and did not consent to same.

95. The confinement of ROLINDA WALLS, A.B., and N.G. was without probable cause and was not otherwise privileged.

96. As a result of the aforementioned conduct, ROLINDA WALLS, A.B., and N.G. have suffered mental injury together with embarrassment, humiliation, shock, fright and loss of freedom.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### UNLAWFUL SEARCH AND INVASION OF PRIVACY

97. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98. As a result of the aforesaid conduct by defendants, plaintiffs' home and possessions were illegally and improperly searched without any probable cause, privilege or consent.

99. As a result of the aforesaid conduct by defendants, defendants remained unlawfully within plaintiffs' home without any probable cause, privilege or consent.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### DENIAL OF DUE PROCESS VIA FABRICATION OF EVIDENCE

100. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101. Defendants created false evidence against ROLINDA WALLS.

102. Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's Office.

103. Defendants misled juries, judges, and/or prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

104. In creating and forwarding false information to prosecutors, defendants deprived ROLINDA WALLS of due process and violated her right to a fair trial.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

105. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

107. The aforementioned conduct was committed by all of the individual defendants while acting within the scope of their employment.

108. The aforementioned conduct was committed by all of the individual defendants while acting in furtherance of their employment.

109. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to ROLINDA WALLS, A.B., and N.G.

110. As a result of the aforementioned conduct, ROLINDA WALLS, A.B., and N.G. suffered severe emotional distress and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

111. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

113. The aforementioned conduct was negligent and caused severe emotional distress to ROLINDA WALLS, A.B., and N.G.

114. The aforementioned conduct was committed by all of the individual defendants while acting within the scope of their employment.

115. The aforementioned conduct was committed by all of the individual defendants while acting in furtherance of their employment.

116. As a result of the aforementioned conduct, ROLINDA WALLS, A.B., and N.G. suffered severe emotional distress and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING AND RETENTION

117. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the detention, arrest, and imprisonment of ROLINDA WALLS, A.B., and N.G.

119. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants SGT. DAVID GRIECO, P.O. MICHAEL WALLACE, P.O. JASON GAMMELLO, P.O. FRANK RYAN, P.O. CHRISTOPHER DESIMONE, P.O. KASEY WALLACE, and P.O. ELIOT BELILOS to engage in the wrongful conduct heretofore alleged in this Complaint.

### EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

120. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the detention, arrest, and imprisonment of ROLINDA WALLS, A.B., and N.G.

122. As a result of the foregoing, plaintiff ROLINDA WALLS is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of five million dollars ($5,000,000.00), and A.B. and N.G. are each entitled to compensatory damages in the sum of two-and-one-half million dollars ($2,500,000.00) and are further entitled to punitive damages against the individual defendants in the sum of two-and-one-half million dollars ($2,500,000.00).

**WHEREFORE**, plaintiff ROLINDA WALLS demands judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages and five million dollars ($5,000,000.00) in punitive damages and A.B. and N.G. each demands judgment in the sum of two-and-one-half million dollars ($2,500,000.00) in compensatory damages and two-and-one-half million dollars ($2,500,000.00) in punitive damages, all of the above plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:	New York, New York
	May 25, 2021

                                                                                               /s/
                                        ROSE M. WEBER (RW 0515)
                                        30 Vesey Street, Suite 1801
                                        New York, NY 10007
                                        (917) 415-5363